UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELISARIO SONTAY PELICO,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:14-1388** |
| v. | : | **(JUDGE MANNION)** |
| **ATTORNEY GENERAL ERIC HOLDER, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Pending before the court is the report of the magistrate judge to whom the instant matter was assigned. (Doc. 8). In considering the merits of the petitioner's filing, in which the petitioner seeks release from his continued confinement, the magistrate judge recommends, among other things, that the petition be denied. Only in light of events which have occurred since the filing of the report, namely the release of the petitioner on bond, will the report be dismissed, as the petitioner's release makes it no longer necessary to consider the merits of the his petition.

By way of relevant background, the petitioner, formerly in the custody of the Bureau of Immigration and Customs Enforcement, ("ICE"), filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his

continued detention without bond. (Doc. 1). He subsequently filed a motion for an expedited hearing on the merits of his claims. (Doc. 7).

Upon consideration of the merits of the petitioner's filings, the magistrate judge recommends that the petition and motion for expedited hearing be denied and that the petitioner be afforded another bond hearing before an Immigration Judge. (Doc. 8). The petitioner did not file any objections to the magistrate judge's report.

Prior to the court considering the report of the magistrate judge, on May 7, 2015, the respondent informed the court that immigration officials released the petitioner on bond. The petitioner is currently residing in Laurel, Delaware. (Doc. 9).

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. §2254(a) (2006). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492 (1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction-in other words, if the petitioner is challenging solely his custody and not the cause of it-he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction. Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have

3

been entitled to. Sanchez v. Attorney General, United States, 146 Fed.App'x. 547, 549 (3d Cir. 2005) (not precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D.Pa. 2004).

Here, the petitioner has been released from custody as he requested in his petition. As such, the petition is moot and it is no longer necessary to consider the merits of the petition. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  June 16, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1388-01.wpd